IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-239-BO

| | |
|---|---|
| DITA MORENO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 27, 29]. A hearing on this matter was held in Raleigh, North Carolina on September 19, 2014. The Commissioner appeared at the hearing via video feed. For the reasons discussed below, this matter is REMANDED to the Commissioner for further proceedings.

## BACKGROUND

On July 21, 2009, plaintiff protectively applied for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act, alleging an onset date of March 14, 2009. Her claims were denied initially and upon reconsideration. On March 22, 2012, an Administrative Law Judge (ALJ) held a hearing, after which the ALJ rendered an unfavorable decision. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied Ms. Moreno's request for review on September 5, 2013. Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). A finding that the decision of the Commissioner is or is not supported by substantial evidence is only possible when the record as a whole is so clearly one-sided as to make clear the proper determination. *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). Remand for further proceedings is the proper action in any case that requires further fact finding. *See Smith v. Schweiker*, 795 F.2d 343, 348 (4th Cir. 1986) (remanding to Agency where there record evidence was insufficient to order a finding of disability).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. [Tr. 16]. Ms. Moreno's history of rotator cuff repair, ulnar neuropathy, possible transient ischemic attacks, possible seizure disorder, heart disease, and anxiety and depression qualified as severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. [Tr. 16–17]. After finding plaintiff's statements not entirely credible, the ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform light work limited to simple, routine, repetitive tasks. [Tr. 17–19]. The ALJ fond that plaintiff could not return to her past relevant work as a certified nursing assistant, but that Ms. Moreno could perform the jobs of housekeeper, marker and photocopy machine operator. [Tr. 20–21]. Thus, the ALJ determined that Ms. Moreno was not disabled as of the date of the opinion. [Tr. 21].

An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). When determining plaintiff's RFC, the ALJ did not

3

consider the effects Ms. Moreno's seizures had on her ability to work consistently nor did the ALJ question the vocational expert regarding the seizures. [Tr. 17–18, 49]. In fact, the ALJ questioned the very existence of plaintiff's seizures. [Tr. 19]. There is, however, considerable medical evidence of the seizures. Plaintiff's January 2010, August 2010, and March 2011 electroencephalograms (EEGs) were all abnormal. [Tr. 649, 618, 781]. A 2009 brain MRI revealed bilateral abnormalities within the white matter. [Tr. 646]. The record is replete with evidence of Ms. Moreno presenting for medical attention after seizure events characterized by loss of consciousness, falling, and unresponsiveness. [Tr. 466, 472, 446, 647]. In March of 2011, plaintiff began receiving assistance with daily activities from a home health aide, who noted that she was have more than one seizure per week and required help with daily living activities. [Tr. 853]. Later that month, she collapsed and stopped breathing in the University of North Carolina Women's Hospital lobby and was admitted to neurology for seizure vs. syncopal episode. [Tr. 762–63]. A subsequent EEG determined that plaintiff was suffering from non-epileptic events. [Tr. 781]. Thus, there is ample evidence in the record that plaintiff's seizures are real and affect her daily life and her ability to work.

In formulating plaintiff's RFC, the ALJ merely noted that "neurological exams show that the claimant is stable with fairly unremarkable clinical exams." [Tr. 20]. Moreover, the hypotheticals posed to the vocational expert did not address plaintiff's seizures and their effect on her ability to work. Because the ALJ failed to account for Ms. Moreno's seizures in either the RFC or the hypotheticals presented to the vocational expert, review of the ALJ's decision is not meaningful and remand is appropriate so that the ALJ might specifically consider the impact of plaintiff's seizures on her RFC and their effect on available work in the national economy for plaintiff. *Radford v. Colvin,* 734 F.3d 288, 295–96 (4th Cir. 2013).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 27] is GRANTED and defendant's motion for judgment on the pleadings [DE 29] is DENIED. This matter is REMANDED to the Commissioner for further proceedings consistent with this order.

SO ORDERED.

This 23 day of September, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE